Christopher B. Ellison (SBN 248545)
THE LAW OFFICE OF ELLISON & ASSOCIATES APC
6241 Crescent Park West Ste. 403
Los Angeles, California 90094
Telephone: (310) 882-6239
Facsimile: (310) 882-6237

Attorneys for Plaintiff
KIMBERLY PATTERSON

Mia Farber (SBN 131467)
farberm@jacksonlewis.com
Shagha Balali (SBN 245061)
balalis@jacksonlewis.com
JACKSON LEWIS LLP
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

FILED
CLERK, U.S. DISTRICT COURT
APR 15 2013
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY PATTERSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK NATIONAL ASSOCIATION, a New York Corporation; and DOES 1 through 100, Inclusive,<br><br>Defendants. | CASE NO.: CV 12-03237 DDP (Shx)<br><br>[Assigned to the Hon. Dean D. Pregerson]<br><br>STIPULATION AND [PROPOSED] PROTECTIVE ORDER PRECLUDING DISCLOSURE OF CONFIDENTIAL AND/OR PROPRIETARY INFORMATION<br><br>Complaint filed: December 07, 2011<br>Trial Date: August 13, 2013 |

TO THE HONORABLE COURT AND TO ALL INTERESTED PARTIES:

Plaintiff, Kimberly Patterson ("Plaintiff"), on the one hand, and Defendant JPMorgan Chase Bank, N.A., ("JPMC") on the other hand, (hereinafter referred to jointly as the "Parties") and their respective attorneys stipulate (hereinafter referred to as

"Stipulation") and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

1. In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). Both Parties have and hereby do represent that they have taken steps to protect certain documents and information potentially subject to disclosure through informal or formal discovery or otherwise subject to disclosure in the litigation as confidential, proprietary and/or trade secret. The Parties wish to ensure that both Parties are in a position to produce all responsive documents in the litigation while still protecting their confidential, proprietary and trade secret information and pursuing steps to minimize, if not eliminate, any violation of third party privacy rights due to the disclosure of third party information. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties business or privacy interests. The Parties have entered into this Stipulation and request the Court to enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided in paragraph 3 below containing:

   a. materials that a party believes discloses trade secrets or other confidential business, financial, research, development, or commercial business;
   b. an individual's social security number, and if non-public, home telephone numbers and addresses;
   c. Plaintiff's medical records and checking accounts, savings accounts, pensions and retirement accounts records;
   d. proprietary and/or confidential information concerning JPMC's criteria for

performance evaluation and review of employee's activities with respect to compliance issues and potential fraudulent activities;

e. proprietary and/or confidential and/or trade secret information pertaining to JPMC's customers, including but not limited to identifying information of JPMC's customers, their loans and other customer financial data;

f. proprietary and/or confidential and/or trade secret information pertaining to investigations conducted by JPMC into allegations of fraudulent, non-compliant or otherwise reportable conduct by Plaintiff and/or other JPMC employees;

g. proprietary and/or trade secret and/or confidential materials related to JPMC's partners and joint ventures;

h. personnel records, including evaluations and other performance reviews, disciplinary action and personal identification information (including Social Security numbers, phone numbers and addresses) of JPMC's employees and former employees; and

i. any other material qualifying for protection under Fed. R. Civ. P. 26(c).

3. <u>Confidential Designation</u>.  JPMC, Plaintiff, or any third party as to documents produced by the third party pursuant to discovery or subpoena, may designate as "CONFIDENTIAL" any document, deposition testimony, information, or material disclosed through formal or informal discovery or otherwise in the course of this litigation as hereinafter set forth in Paragraphs 3, 4, and 5. The Parties shall act in good faith and on a reasonable basis when designating material as "CONFIDENTIAL" and shall indicate their understanding and intention to be bound by the provisions of this Protective Order by executing the "Confidentiality Agreement" attached hereto as Exhibit A.

4. <u>Designation of Documents Produced as Confidential</u>.

Designation as "CONFIDENTIAL" pursuant to this Protective Order may be accomplished by stamping the word "CONFIDENTIAL" on the face of a multiple-page document if the document is bound. If the document is not bound, designation of a

document as "CONFIDENTIAL" may be accomplished by stamping or otherwise marking each page of the confidential document as "CONFIDENTIAL." The Parties may designate documents previously produced in the litigation to date as "CONFIDENTIAL" by providing written notice to the other party of the designation and identifying the documents that the Party wishes to designate as "CONFIDENTIAL" by Bates Numbers.

5. <u>Designation of Deposition Testimony as Confidential</u>.

Plaintiff, JPMC or any third party as to testimony given by the third party at the deposition, may designate deposition testimony as "CONFIDENTIAL" by stating on the record at the deposition, or in writing within 30 days after the receipt of the deposition transcript, that specified testimony is confidential. During the interim 30 day period, transcripts will be treated as "CONFIDENTIAL" under the terms of this Order.

6. <u>Designation of Discovery Responses as Confidential</u>.

Plaintiff, JPMC, or any third party as to information given by the party in response to information requests, may designate as "CONFIDENTIAL" any specific responses to information requests by labeling the specific response "CONFIDENTIAL."

7. <u>Use of Confidential Documents or Information in Court Filings</u>.

In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion can be segregated) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the Parties shall publicly file a redacted version of the motion and supporting papers.

8. <u>Limitations on Access to Confidential Information</u>.

Except upon prior written consent of the party asserting "CONFIDENTIAL" treatment or upon order of a court of competent jurisdiction or pursuant to a lawful subpoena issued in another action, documents, testimony, information or material designated as "CONFIDENTIAL" shall be held in strict confidence and shall be used

1 solely for the purposes of prosecution, defense, or settlement of this action and for no
2 other purpose. Confidential Information shall not be used in any other lawsuit, action, or
3 other matter. Nothing in this Order restricts the ability of any party to use or disclose its
4 own Confidential Information. Access to "CONFIDENTIAL" documents, testimony,
5 information or material shall be limited to:

6     a. The Parties (including any officer, director, employee or agent of JPMC who is deemed reasonably necessary or appropriate by counsel in good faith to aid in the prosecution, defense or settlement of this action), counsel for the Parties hereto, clerks, secretaries, paralegals, investigators, and legal assistants, court or stenographic reporters retained to report a deponent's testimony taken in this litigation, and firms retained by counsel to provide litigation services and the employees of said firms;

    b. Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation;

    c. Dispute resolution providers, including mediators, arbitrators and any other individuals employed by the Parties for the purpose of alternative dispute resolution;

    d. Court and administrative personnel, including judges, court reporters, law clerks and clerks engaged in proceedings in this case; and

    e. Witnesses at any deposition or other proceeding in this action.

9. <u>Disclosure to Experts, Witnesses and Dispute Resolution Providers</u>.

"CONFIDENTIAL" documents, testimony, information or material shall not be disclosed to any expert or consultant (as defined in paragraph 8(b)) or any dispute resolution provider (as defined in paragraph 8(c)) or any witness at any deposition or other proceeding in this action unless and until such person is given a copy of Exhibit B

to this Order. Upon receipt of Exhibit B, which recites this Order's restriction on the use of "CONFIDENTIAL" documents, the expert or consultant (as defined in paragraph 8(b)) or any dispute resolution provider (as defined in paragraph 8(c)) or any witness at any deposition or other proceeding will become bound by this Order.

10. <u>Limitation on Copies of Confidential Information.</u>

No party shall, for itself or for any person or persons acting on its behalf, make more copies of any "CONFIDENTIAL" information or material than are reasonably necessary to conduct this litigation.

11. <u>Storage of Confidential Information.</u>

Except as otherwise provided for in this Protective Order in Paragraphs 8a-e, all "CONFIDENTIAL" information and material shall remain in the possession of counsel for the respective Parties or their experts or consultants (after compliance with paragraph 9) and be stored in a secure place.

12. <u>Challenge to Confidential Designation.</u>

If Plaintiff, JPMC, or any third party objects to the designation of any document, testimony, information, or material as "CONFIDENTIAL," the Parties, in compliance with Local Rule 37-1, shall attempt to resolve the dispute in good faith on an informal basis. If the Parties are unable to resolve the dispute informally within ten (10) business days after the time the informal notice is received, in compliance with Local Rule 37-2, the objecting party may apply to the Court for a ruling that the document, testimony, information, or material shall not be so treated. In any proceeding to release confidential material from its designation, or to change the designation of any such material, the burden shall be upon the designating party to establish that good cause exists for the disputed information to be treated as CONFIDENTIAL under Fed. R. Civ. P. 26(c). If the objecting party makes such a timely motion, the material shall continue to be deemed CONFIDENTIAL under the terms of the Protective Order until the Court rules on such motion.

//

13. <u>Return of Confidential Information Upon Resolution of the Lawsuit</u>.

Upon termination of this litigation, all originals and copies of "CONFIDENTIAL" documents, testimony, information, or material (and all summaries thereof) shall be returned to counsel for the producing party(ies) or destroyed, except that counsel for the Parties may keep one copy of such documents, testimony, information, or material for their records. If "CONFIDENTIAL" documents, testimony, information, or material (and all summaries thereof) is destroyed rather than returned, counsel responsible for destruction must verify to counsel for the producing party(ies) that said documents have been destroyed within 10 days of termination of this litigation.

14. <u>Additional or Different Protection for Confidential Information</u>.

Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

15. <u>Modification</u>.

This Protective Order may be modified by the Court at any time for good cause shown following notice to both Parties and an opportunity for them to be heard.

The Parties' Stipulation shall be valid and enforceable to the extent the Order on the Parties' Stipulation is not executed prior to the production of Confidential Information.

This Stipulation and Order shall survive the final termination of this action, to the extent that the Confidential Information is not or does not become known to the public.

It is so stipulated.

///
///
///
///
///

| | | |
|---|---|---|
| 1 | DATED: April 10, 2013 | THE LAW OFFICE OF ELLISON & ASSOCIATES APC |
| 2 | | |
| 3 | | |
| 4 | | By: _____ |
| 5 | | Christopher B. Ellison |
| 6 | | |
| 7 | | Attorneys for Plaintiff KIMBERLY PATTERSON |
| 8 | | |
| 9 | DATED: April 10, 2013 | JACKSON LEWIS LLP |
| 10 | | |
| 11 | | |
| 12 | | By: _____ |
| 13 | | Mia Farber<br>Shagha Balali |
| 14 | | Attorneys for Defendant JPMORGAN CHASE BANK, N.A. |

# EXHIBIT A

# CONFIDENTIALITY AGREEMENT

1. My name is _____.

2. I have read the Protective Order (the "Order) that has been entered in the matter of *Kimberly Patterson v. JPMorgan Chase Bank, N.A.*, USDC Case No. CV 12-03237 DDP (Sttx), a copy of which has been given to me. I understand the provisions of this Order and agree to comply with and to be bound by its provisions. I submit to the jurisdiction of this Court for purposes of enforcing any of the terms or provisions of the Order.

3. I declare under penalty of perjury under the laws of the United States and the state of California that the foregoing is true and correct.

Executed this _____ day of _____, 2013, at _____.

_____
Signature

Affiliation:
_____

Business Address:
_____

Home Address:
_____

DATED this ____ day of _____, 2013.

# EXHIBIT B

## NOTICE OF PROTECTIVE ORDER

1. You are being provided with a copy of this Notice of Protective Order ("Notice") to advise you that a Protective Order ("Order") has been entered in the matter of *Kimberly Patterson v. JPMorgan Chase Bank, N.A.*, USDC Case No. CV 12-03237 DDP (Sttx). By order of the Court, you are bound by the Order upon receipt of this Notice.

2. The purpose of the Order is to ensure that both Parties in this action are in a position to produce documents in the litigation while still protecting their confidential, proprietary and trade secret information and pursuing steps to minimize, if not eliminate, any violation of third party privacy rights due to the disclosure of third party information.

3. Accordingly, pursuant to the Order, any documents which you receive and/or review which are designated as "CONFIDENTIAL" shall be held in strict confidence and shall be used solely for the purposes of prosecution, defense, or settlement of this action and for no other purpose. Confidential Information shall not be used in any other lawsuit, action, or other matter.

## ORDER

Having reviewed the foregoing Protective Order, and for good cause shown, the Court hereby makes the Protective Order an Order of the Court.

IT SO ORDERED.

Dated: April 15, 2013

_____
Hon. Stephen J. Hillman
United States Magistrate Judge

4842-8456-1426, v. 1